UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ROBERT EARL GAYNOR,
*No. 1394662,*

       Petitioner,

v.                                        Civil Action No. 2:17cv535

HAROLD W. CLARKE,
*Director, Virginia Department
of Corrections,*

       Respondent.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Robert Earl Gaynor is a Virginia offender sentenced to ten years' imprisonment, with eight years suspended, following his conviction for grand larceny for stealing a cell phone. His federal petition for habeas corpus challenges only the sufficiency of the evidence against him. Respondent moved to dismiss the petition, and the matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure.

Gaynor has exhausted his first evidentiary claim, but he does not plausibly allege entitlement to federal relief under the deferential standard of 28 U.S.C. § 2254(d). Accordingly,

this Report RECOMMENDS that the court GRANT Respondent's motion (ECF No. 10), and DISMISS the Petition (ECF No. 1).

## I. STATEMENT OF THE CASE

Following a bench trial, the Circuit Court for the City of Norfolk convicted Gaynor of grand larceny. R. at 94, 143, Commonwealth v. Gaynor, No. CR15-2739 (Va. Cir. Ct. Feb. 11, 2016) (trial transcript).[1] Final judgment was entered April 14, 2016. The court sentenced Gaynor to a total of 10 years' imprisonment with 8 years suspended, for an active sentence of 2 years. R. at 73-75, Commonwealth v. Gaynor, No. CR15-2739 (Va. Cir. Ct. Apr. 14, 2016) (sentencing order).

Gaynor appealed his conviction to the Court of Appeals of Virginia, which denied the appeal in a per curiam opinion. Gaynor v. Commonwealth, No. 0766-16-1 (Va. Ct. App. Dec. 16, 2016) (per curiam) (ECF No. 12-1). He argued the evidence presented at trial was insufficient to prove he knew the phone he was accused of taking did not belong to him or that he believed the rightful owner could be "immediately determined." In denying his appeal, the Court of Appeals summarized the evidence relevant to his arguments as follows:

> [T]he evidence proved that David Sterling [the owner of the phone] shopped at the Wal-Mart in Norfolk on

---

[1] The state trial court provided a single, consecutively-paginated, electronic document containing all of the records of Gaynor's proceedings in that court. This Report cites to specific page numbers of that comprehensive by the shorthand "R. at __," rather than page numbers within the various individual records that make up the document.

2

> Military Highway. As he completed his purchases, [Gaynor] and his friend Rebecca Robertson stood in line behind Sterling at the checkout area. After leaving the store, Sterling realized he had left his iPhone. He returned to the store to search for it, but did not find it.
>
> Upon returning home, Sterling used a device to locate the phone's current location. He also called the phone. When a voicemail unknown to Sterling picked up, Sterling notified the police and provided them with the phone's location.
>
> A police detective visited the address provided by Sterling and determined that [Gaynor] lived there. [Gaynor] later spoke to the detective by phone and acknowledged he had an iPhone he found at the Wal-Mart on Military Highway and that "he could put his hands on it." After several days passed without [Gaynor] producing the phone, the detective arrested him for grand larceny.
>
> Following his arrest, [Gaynor] gave a statement to the police. He stated that Robertson [his friend] handed him a cell phone as they were leaving the checkout area at Wal-Mart and told him it was hers. [Gaynor] also maintained that an argument ensued between him and Robertson about why Robertson had taken the phone and [Gaynor's] insistence that she return it.
>
> At trial, however, video footage from Wal-Mart showed [Gaynor] picking up the cell phone after Sterling left it on the checkout counter. The phone was never recovered.

Id. at 1-2. The Virginia Court of Appeals found that "a rational fact finder could conclude that [Gaynor] took the phone with the intent to steal it and to permanently deprive its rightful owner of it." Id. at 3. Thereafter, Gaynor – through counsel – filed a petition for appeal in the Supreme Court of

3

Virginia, which was refused. Gaynor v. Commonwealth, No. 170077 (Va. Aug. 21, 2017) (ECF No. 12-2).

In his petition to this court, Gaynor raises an evidentiary claim, which he properly exhausted by raising it on direct appeal from his conviction. He asserts that the evidence at trial was insufficient to prove he intended to commit the crime. See Pet. at 3-4 (ECF No. 1).

The Respondent filed a Motion to Dismiss the Petition, arguing that Gaynor's claim is without merit. See Resp't's Br. (ECF No. 12). Gaynor received notice of the motion and his opportunity to respond as required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The deadline for an opposition brief has passed with no action from Gaynor. The matter is now ripe for review.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Gaynor's claim challenging the sufficiency of the evidence used to find him guilty was clearly exhausted in the state court. See Pet. (ECF No. 1, at 4). Gaynor exhausted the claim by presenting it to the Supreme Court of Virginia on direct appeal. See Order Denying Pet. For Appeal, Gaynor v. Commonwealth, No. 170077 (Va. Aug. 21, 2017) (ECF No. 12-2); Hedrick v. True, 443 F.3d 342, 364 (4th Cir. 2006). Once a petitioner's state remedies have been exhausted, a federal court still may not grant relief on any claim adjudicated on the

4

merits by the state court, unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law" or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2).[2] Therefore, the court is obliged to analyze this claim under 28 U.S.C. § 2254(d) by assessing the reasonableness of the Court of Appeals of Virginia's reasoned decision, affirming Gaynor's conviction. See Ylst v. Nunnemaker, 501 U.S. 797, 805 (1991) (holding that the federal habeas court looks to the last explained state court judgment).

An essential element of the right to due process secured by the Fourteenth Amendment to the Federal Constitution is that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof - defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 443 U.S. 307, 316 (1979) (citing In re Winship, 397

---

[2] A state court's decision is contrary to clearly established federal law if the court arrives at a conclusion opposite to one reached by the Supreme Court on a question of law, or decides a case differently than the Supreme Court on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court unreasonably applies clearly established law if it identifies the correct legal principle, but unreasonably applies it to the facts of the case. Id. at 413. A state court makes an unreasonable determination of fact when its application of the law depends, in whole or in part, on a factual finding that is not supported by evidence in the record. See Wiggins v. Smith, 539 U.S. 510, 528 (2003).

U.S. 358 (1970)). Therefore, a petitioner who alleges that the evidence was insufficient to sustain a conviction has stated a constitutional claim cognizable in a federal habeas corpus proceeding. Id. at 321.

In reviewing a sufficiency of the evidence claim, the relevant inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original). The reviewing court must consider circumstantial as well as direct evidence, and allow the prosecution the benefit of all reasonable inferences from the facts proven to those sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

As the Supreme Court has expressly recognized, it is wholly the responsibility of the fact-finder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences. Jackson, 443 U.S. at 319. In Wright v. West, the Supreme Court expounded upon Jackson, stating:

> In Jackson, we emphasized repeatedly the deference owed to the trier of fact and, correspondingly, the sharply limited nature of constitutional sufficiency review. We said that "all of the evidence is to be considered in the light most favorable to the prosecution"; that the prosecution need not affirmatively "rule out every hypothesis except that of guilt"; and that a reviewing court "faced with a record of historical facts that supports conflicting

6

> inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.

505 U.S. 277, 296-97 (1992) (emphasis in original) (internal citations omitted).

Under federal habeas review, the court looks to the state court's decision and assesses only whether it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Here, the Court of Appeals of Virginia conducted a full review of Gaynor's claim, and concluded that there was sufficient evidence to convict him. Thus, Gaynor is only entitled to relief if that determination was an unreasonable application of the above-cited Supreme Court precedent. The undersigned finds that it was not.

Gaynor was charged with and convicted of grand larceny. R. at 88, 143, Commonwealth v. Gaynor, No. CR15-2739 (Va. Cir. Ct. Feb. 11, 2016). "An individual commits larceny by wrongfully taking the property of another 'without his permission and with the intent to permanently deprive him of that property.'" Stanley v. Webber, 260 Va. 90, 96 (2000). Grand larceny

7

requires proof of the added element that the property taken was worth more than $200. Va. Code § 18.2-95.[3]

The evidence presented at trial, which the Virginia Court of Appeals accurately summarized, was sufficient for a reasonable trier of fact to find that Gaynor committed grand larceny. Gaynor took the phone. He was recorded on store surveillance picking it up. R. at 123-26, Gaynor, No. CR15-2739 (trial transcript). He later admitted to the Norfolk Police Department detective assigned to the case that he could "put his hands on the phone." Id. at 121. The phone was worth more than $200. Id. at 101. Gaynor did not return the phone to the store from which he took it. Id. at 116. He changed the voicemail greeting on the phone and never returned it to Sterling or to the police despite being provided an opportunity to do so. Id. at 112, 116.

The trial court relied on this evidence to render a guilty verdict on Gaynor's grand larceny charge. The evidence is not inherently incredible or such that any rational trier of fact could have convicted him. Accordingly, he has not plausibly alleged a due process violation resulting from the sufficiency of the evidence against him.

---

[3] Virginia's General Assembly recently approved a measure raising the threshold for grand larceny to at least $500; the governor has not yet signed the bill into law. H.D.B. 1550, 2018 Gen. Assemb., Reg. Sess. (Va. 2018) (status current as of Mar. 19, 2018). At the time of the offense and at the time of Gaynor's conviction, the threshold was only $200. See Va. Code § 18.2-95.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Respondents' Motion to Dismiss (ECF No. 10) be GRANTED, and Gaynor's Petition (ECF No. 1) DISMISSED.

### IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this

Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/ 
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

March 19, 2018

### Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to:

Robert Earl Gaynor
#1163755
St. Brides Correctional Center
701 Sanderson Road
P.O. Box 16482
Chesapeake, Virginia 23328

and an electronic copy was provided to:

Stephen L. Forster & David Michael Uberman
Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219

Fernando Galindo, Clerk

By _____
        Deputy Clerk

__March 19__, 2018